{¶ 161} I concur with the majority as to its analysis and disposition of this case.
 {¶ 162} I write separately only to supplement the analysis of the third assignment of error. The majority concludes, "[u]nder this analysis, where a defendant commits a single act and is charged with two offenses each which concern a different victim, the offenses are not allied offenses of similar import but are offenses of dissimilar import." I agree with this statement of the law, but point out that the facts in the case sub judice indicate to me that the shooting into the crowd was not a single act. The defendant fired more than once and did not seem to be aiming at only one person. In fact, pursuant to what the appellant told his aunt, appellant just started "spraying them niggers, capping their asses." It can be concluded beyond a reasonable doubt that the appellant committed more than a single act with the intention of harming more than a single person.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed. Costs to appellant.